## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE STEVENS | : | |
| | : | CIVIL ACTION NO. |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY OF | : | |
| AMERICA A/K/A UNUM INSURANCE | : | |
| COMPANY | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant* | : | |

## CIVIL ACTION COMPLAINT

### I.  PARTIES

1.     Plaintiff, Renee Stevens, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 7156 Andrews Avenue, Philadelphia, Pennsylvania 19138.

2.     Defendant UNUM Life Insurance Company of America a/k/a UNUM Insurance Company was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Maine, which is authorized to conduct business as an insurance company within the Commonwealth of Pennsylvania with corporate offices located at 2211 Congress Street, Portland, Maine 04122 and a designated Clerk/Registered Agent, Severin M. Beliveau, c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

3.     At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting

within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

## II.     JURISDICTION AND VENUE

4.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 by virtue of the fact that this case arises under the laws of the United States – namely, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.*

5.      The amount in controversy in this action is in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred within the district and because the Defendants are subject to personal jurisdiction in this district.

## III.    STATEMENT OF CLAIMS

7.      On or about December 15, 2008, Plaintiff, Renee Stevens, commenced employment with Consolidated Services Group, Inc.

8.      At all times relevant hereto, Plaintiff was covered by a Group Insurance Plan, including a Long Term Disability Plan, issued by the Defendant to Plaintiff's employer, Consolidated Services Group, Inc., policy number 339696 001. (See Exhibit "A.")

9.      During the course of her employment with Consolidated Services Group, Inc., Plaintiff was involved in an accident which ultimately resulted in the amputation of her right thumb on April 18, 2011.

10.     As a result of Plaintiff's accident-related injuries and thumb amputation, Plaintiff submitted a claim for long term disability benefits pursuant to Defendant's aforesaid Long Term Disability Plan.

11.     In connection thereto, on August 11, 2011, Defendant approved Plaintiff's claim for long term disability benefits and determined that Plaintiff's date of total disability was April 19, 2011.  (See Exhibit "B.")

12.     Thereafter, Plaintiff subsequently treated regularly with Albert A. Weiss, M.D. and Bruce Grossinger, D.O. in connection with her right thumb amputation and associated symptoms and injuries.

13.     On October 11, 2012, however, Defendant advised Plaintiff of its determination that Plaintiff was able to perform the duties of her regular occupation and was therefore no longer "disabled" under the terms of Defendant's aforesaid Long Term Disability Plan.  (See Exhibit "C.")

14.     As a result, Defendant closed Plaintiff's long term disability claim effective October 11, 2012.

15.     Plaintiff promptly appealed the Defendant's decision to close Plaintiff's long term disability claim and requested reconsideration of the same.

16.     Thereafter, Bruce Grossinger, D.O. certified that Plaintiff was under his medical care and unable to work.

17.     On March 20, 2013, Defendant notified Plaintiff that it was upholding its decision to close Plaintiff's long term disability claim.  (See Exhibit "D.")

18.     Since October 11, 2012, Defendant has failed and refused to provide Plaintiff with the long term disability benefits to which she is legally entitled despite the fact that Plaintiff remains disabled from working.

## COUNT I
## VIOLATION OF ERISA
## RENEE STEVENS vs. UNUM LIFE INSURANCE COMPANY OF AMERICA
## A/K/A UNUM INSURANCE COMPANY

19.     Plaintiff hereby incorporates by reference paragraphs one (1) through eighteen (18) of the within Complaint as though the same were fully set forth at length herein.

20.     Plaintiff's current and anticipated disability has continuously and persistently prevented her from performing the material and substantial duties of her occupation with Consolidated Services Group, Inc. from on or about April 19, 2011 until the present.

21.     Because of the aforesaid disability, Plaintiff has a right to benefits under Defendant's aforementioned Long Term Disability Plan, and, to date, the Defendant has failed and refused to provide long term disability benefits to Plaintiff from October 11, 2012 through the present.

22.     By denying benefits under the aforementioned policy, the Defendant breached Plaintiff's rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq*.

23.     As a result of the Defendant's aforesaid ERISA violations, Plaintiff is entitled to monetary damages.

WHEREFORE, Plaintiff, Renee Stevens, demands judgment against the Defendant, and requests that this Honorable Court award her compensatory damages in an amount in excess of $150,000, plus interest and costs.

**COUNT II**
**BREACH OF CONTRACT**
**RENEE STEVENS vs. UNUM LIFE INSURANCE COMPANY OF AMERICA**
**A/K/A UNUM INSURANCE COMPANY**

24.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-three (23) of the foregoing Complaint as though the same were fully set forth at length herein.

25.     Plaintiff's current and anticipated disability has continuously and persistently prevented her from performing the material and substantial duties of her occupation with Consolidated Services Group, Inc. from on or about April 19, 2011 until the present.

26.     Because of the aforesaid disability, Plaintiff has a contractual right to benefits under Defendant's aforementioned Long Term Disability Plan, and, to date, the Defendant has failed and refused to provide Plaintiff with long term disability benefits to which the Plaintiff is legally entitled from October 11, 2012 through the present.

27.     By denying such benefits, the Defendant has breached its contractual obligations owed to Plaintiff under the aforesaid Long Term Disability Plan.

28.     As a result of the Defendant's breach of contract, Plaintiff is entitled to monetary damages.

WHEREFORE, Plaintiff, Renee Stevens, demands judgment against the Defendant, and requests that this Honorable Court award her compensatory damages in an amount in excess of $150,000, plus interest and costs.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial of all claims and issues.

Respectfully submitted,

**SWARTZ CULLETON PC**

By:    /s/Brandon A. Swartz
           Brandon A. Swartz, Esquire
           Attorney ID No. 78344
           Bryan M. Ferris, Esquire
           Attorney ID No. 93105
           133 N. State Street
           Newtown, PA 18940
           T: (215) 550-6553
           F: (215) 550-6557

           Attorneys for Plaintiff

Date:  July 31, 2013